Brett H. Ramsaur, Bar No. 281566
RAMSAUR LAW OFFICE
2183 Fairview Road, Suite 221
Costa Mesa, California 92627
Telephone:    949.200.9114
Email:    brett@ramsaurlaw.com

Attorneys for Plaintiff
Brett Ramsaur dba Ramsaur Law Office

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ZETA GRAFF,<br><br>        Debtor.<br>─────────────────────<br>BRETT RAMSAUR dba RAMSAUR LAW OFFICE,<br><br>        Plaintiff,<br><br>v.<br><br>ZETA GRAFF,<br><br>        Defendant. | Case No. 2:19-bk-14137-NB<br><br>Chapter 11<br><br>Adv. No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)** |

Plaintiff Brett Ramsaur dba Ramsaur Law Office, a sole proprietorship ("Plaintiff"), by and through its undersigned counsel Ramsaur Law Office, alleges for its *Complaint to Determine Dischargeability of Debt Under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6)* (the "Complaint") against defendant Zeta Graff ("Defendant" or the "Debtor") as follows:

/ / /

/ / /

## JURISDICTION AND VENUE

1.     This is an action to determine the dischargeability of debt under section[1] 523(a)(2)(A) and (a)(6) and is brought as an adversary proceeding in accordance with Rules 4007 and 7001.

2.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4.     Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5.     Plaintiff is, and at all times relevant herein was, a law firm registered and existing as a sole proprietorship under the laws of the State of California, with a principal place of business in Costa Mesa, California.  Plaintiff is, and at all times relevant herein was, a law firm providing legal services.  Plaintiff is a creditor of Defendant.

6.     Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times relevant herein was, an individual residing in Los Angeles County, California.

## GENERAL ALLEGATIONS

A.     **Defendant's False Promises/Fraudulent Conduct**

7.     This action arises from Defendant's false promises and fraudulent conduct in retaining Plaintiff to perform legal services for her which Defendant did not intend to pay.

8.     On May 10, 2018, Defendant executed a legal services agreement (the "Agreement") to engage Plaintiff to perform legal services in connection with defending against post-judgment enforcement actions, including the recordation of certain abstracts of judgment arising from a prior lawsuit in Los Angeles County Superior Court, case no. SC115019, in which Defendant suffered an adverse monetary judgment.  A true and correct copy of the fully executed Agreement is attached hereto as **Exhibit 1**.

---

[1]     Unless otherwise indicated, all chapter and section references are to Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101-1532.  All Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, which incorporate the Federal Rules of Civil Procedure.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

9.      Pursuant to the Agreement, Defendant was to send a $1,000 retainer to secure the payment of fees, costs and expenses with the signed copy of the Agreement.  Defendant returned the signed Agreement to Plaintiff without the retainer.  Plaintiff advised Defendant on several occasions that the retainer must be sent, and Defendant falsely represented to Plaintiff—repeatedly—that Defendant had mailed the retainer check when in reality she did not, and never intended to send the check or pay Plaintiff for its legal services in this matter.  Indeed, Defendant never sent the retainer check.

10.     Relying on Defendant's false promises and false representations that the retainer check had been or would be mailed as provided in the Agreement and that Defendant would pay Plaintiff for its going-forward legal services, Plaintiff, in good faith, performed as agreed and rendered substantial legal services to Defendant beginning in May 2018.

11.     For several months, Plaintiff performed the agreed upon legal services on behalf of Defendant, which includes the preparation and prosecution of at least two ex parte applications, multiple court appearances, substantial briefing on complex legal issues and significant efforts to consensually resolve the disputes over the post-judgment enforcement efforts of the prevailing party in the underlying state court litigation.

12.     To that end, on or about May 31, 2018, June 30, 2018, July 31, 2018, and August 31, 2018, Plaintiff invoiced Defendant under invoices numbered 1313, 1333, 1346 and 1363, respectively, for attorneys' fees and costs in the total amount of $12,646.75 (collectively, the "Invoices").  True and correct copies of the Invoices are collectively attached hereto as **Exhibit 2**.

13.     Defendant never paid any of the Invoices and repeatedly promised to pay Plaintiff for the legal services rendered.  Defendant lied to Plaintiff and repeatedly issued false promises about paying for Plaintiff's legal services.

14.     To date, Defendant has paid Plaintiff absolutely nothing.  Thus, as of July 12, 2019, Defendant owes Plaintiff no less than $12,646.75 plus accruing attorneys' fees and costs.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

**B.**    **The Bankruptcy Filing**

15.    Despite receiving and benefitting from Plaintiff's legal services through lies, deception and false promises that Defendant never paid even a single dollar for, on or about April 11, 2019, Defendant filed a voluntary chapter 11 petition.

16.    On Schedule F, Defendant lists an unsecured debt owed to Brett Ramsaur for legal fees in the amount of $5,000, of which she asserts that such claim is contingent, unliquidated, and disputed.

17.    Despite being made under penalty of perjury, even Defendant's scheduling of Plaintiff's claim is false.  Among other things, Defendant has grossly understated the amount of the debt (Defendant received no less than four invoices from Plaintiff totaling almost $13,000) and has never disputed that she indeed owes such fees.  Rather, through lies and false promises, Defendant received the benefit of almost $13,000 in legal services.  Of course, Defendant's lies and false representations herein simply reflect an extension of Defendant's lies and false promises to Plaintiff to receive legal services with the blatant intent to not pay for them.

**FIRST CAUSE OF ACTION**

**(Objection to Discharge of Particular Debt – False Pretenses, False Representation**

**or Actual Fraud -- 11 U.S.C. § 523(a)(2)(A))**

18.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this complaint as though fully set forth herein.

19.    Under section 523(a)(2)(A), an individual debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition."  11 U.S.C. § 523(a)(2)(A).

20.    Defendant's representations and promises regarding payment of Plaintiff's retainer fee and ongoing legal services were false when made.

21.    Defendant, through false promises and overall fraudulent conduct, acted to induce Plaintiff to continue representing her and provide her with legal services.

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

22.     In the absence of Defendant's false representations and promises, Plaintiff would not have rendered any legal services and incurred the losses attributable to Defendant.

23.     Defendant knew her representations and promises were false and that she had no intention of honoring her contractual obligations, including payment of the retainer and payment of the Invoices.

24.     At the time the Agreement was executed and throughout the representation, Plaintiff did not know and could not have known that Debtor misrepresented her intention to perform under the Agreement, specifically to pay the retainer, and pay the Invoices.

25.     Plaintiff's reliance on Defendant's false representations and promises were justified and reasonable.  Plaintiff was unaware that Defendant's representations and promises were false when made.

26.     Plaintiff has sustained damage because of Defendant's false promises and fraudulent conduct in the amount of no less than $12,646.75 plus all accrued and accruing attorneys' fees and costs.

27.     Based on the foregoing and pursuant to section 523(a)(2)(A), Defendant should not be granted a discharge of this debt owed to Plaintiff in the amount of $12,646.75 together with accrued and accruing attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Objection to Discharge of Particular Debt – Debt Based on

### Willful and Malicious Injury – 11 U.S.C. § 523(a)(6))

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this complaint as though fully set forth herein.

29.     Under section 523(a)(6), an individual debtor is not discharged from any debt for a "willful and malicious injury."  11 U.S.C. § 523(a)(6).

30.     Defendant engaged in the following willful and malicious acts, without limitation: (i) Defendant fraudulently, willfully and maliciously misrepresented her intent to repay and perform under the Agreement, including repeatedly lying about the retainer check being mailed, and failing to pay the Invoices for legal services she received; and (ii) Defendant willfully and

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

maliciously executed the Agreement knowing that she had no intention to perform under the Agreement, including purposely failing to send the retainer check and falsely assuring Plaintiff it was sent and she was good for the money to pay the Invoices; and (iii) Defendant willfully and maliciously entered into the Agreement with the belief that Plaintiff would not be repaid for its legal services.

31.    As a direct and proximate result of the foregoing, Plaintiff has suffered damages in the amount of no less than $12,646.75 together with accrued and accruing attorneys' fees and costs which should be excepted from Defendant's discharge.

32.    In committing the acts described above, Defendant acted willfully, maliciously and with deliberate intent to deceive Plaintiff, and because of such conduct, Plaintiff is entitled to punitive and exemplary damages.

33.    Pursuant to section 523(a)(6), Defendant should not be granted a discharge of this debt owed to Plaintiff in the amount of $12,646.75 together with accrued and accruing interest, court costs and reasonable attorneys' fees, plus any other relief deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    A monetary judgment against Defendant in an amount to be proven plus accrued and accruing interest, but in no event less than $12,646.75 plus all accrued and accruing attorneys' fees and costs;

2.    An order determining that such debt owed to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A);

3.    An order determining that such debt owed to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6);

4.    An order awarding Plaintiff reasonable attorneys' fees and costs incurred herein;

/ / /

/ / /

/ / /

- 6 -

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

5.   An order awarding Plaintiff such additional and further relief as the court deems just and appropriate under the circumstances, including but not limited to punitive and exemplary damages.

Dated: July 12, 2019                                    RAMSAUR LAW OFFICE


By: /s/ Brett H. Ramsaur
                                                          Brett H. Ramsaur

Attorneys for Plaintiff
Brett Ramsaur dba Ramsaur Law Office

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

AGREEMENT

# EXHIBIT 1



**Brett Ramsaur**

949.200.9114

brett@ramsaurlaw.com

May 10, 2018

Ms. Zeta Graff
1704 Stone Canyon Road
Los Angeles, CA 90077
Tel:    310.948.4472
Email:  zetagraffusa@protonmail.com

   *Re: Legal services agreement*

Dear Zeta:

  Thank you for selecting Ramsaur Law Office (the "Firm") to serve as your counsel in connection with the matters described below. This letter will confirm the terms of that engagement and describe the basis on which the Firm will provide legal services to you. If you are in agreement with the provisions concerning our engagement as set forth in the balance of this letter, please sign the enclosed copy in the space provided and return it. If you have questions concerning any of these provisions, please call.

  1. <u>Scope of engagement</u>: The scope of our engagement will be to represent you in connection with the expungement and/or removal of certain abstracts of judgment arising in the matter currently pending in Los Angeles County Superior Court, case no. SC115019. For all other matters, you are represented, if at all, by separate counsel.

  2. <u>Attorneys' fees and expenses</u>: The Firm will receive compensation on an hourly billing basis. While hourly rates for attorneys are adjusted from time to time, my standard hourly rate is $295, which I have agreed to reduce to $250 for this matter. In addition, the Firm obtains reimbursement for disbursements made on behalf of clients such as filing fees, transcript and deposition fees, reasonable travel expenses and expert witness fees. We also charge for certain expenses incurred on behalf of clients, such as copies, scans, facsimiles, postage, messengers and research. We may forward to you large disbursement billings for direct payment to the vendor. The Firm will send statements for professional fees and expenses to your attention on a monthly basis. Payment is due upon receipt.

  Please understand that for these types of matters we require an initial retainer of $1,000 before we begin working to secure the payment of fees, costs and expenses which are either billed and unpaid or incurred but not yet billed. Please remit the retainer when returning a signed copy of this agreement.

  3. <u>Cooperation and communication, termination and withdrawal</u>: The Firm will provide legal counsel to you in accordance with this letter and in reliance upon information and guidance

---

2183 Fairview Road, Suite 221 I Costa Mesa, California 92627 I Telephone: 949.200.9114

*Licensed to Practice Law in California and Washington

**EXHIBIT 1**



**Brett Ramsaur**

949.200.9114

brett@ramsaurlaw.com

provided by you, will keep you reasonably informed of progress and developments, and will respond to your inquiries. To enable us to represent you effectively, you agree to cooperate fully with the Firm in connection with this matter, and to fully and accurately disclose all facts and documents that may be relevant to the matter or that the Firm may otherwise request.

You must inform the Firm, in writing, of any changes in your contact information, including name, address, telephone number, e-mail address or other relevant changes.

Either at the commencement or during the course of the Firm's representation, the Firm may express opinions or beliefs concerning various courses of action and the results that might be anticipated. Any such statement made by anyone associated with the Firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed by you as a promise or guarantee.

You may terminate our representation at any time by notifying us in writing. Subject to any applicable rules of professional conduct, the Firm may withdraw from representation if you fail to fulfill your obligations under this agreement, including your obligation to timely pay our fees and expenses, or for any other reason permitted or required under those rules. In the event that the Firm terminates the engagement, the Firm will take such steps as are reasonably practicable to protect your interests in the above matter, and you agree to take all steps necessary to free us of any obligation to perform further. If permission for withdrawal is required by a court or arbitration panel, the Firm will promptly request such permission, and you agree not to oppose our request. Termination of our representation will not affect your responsibility for payment of outstanding statements and accrued fees and expenses incurred before termination or in connection with an orderly transition of the matter.

Unless previously terminated, the Firm's representation will terminate upon receipt of a final statement for services in this matter. Upon completion of work on your last active matter, you will be considered a former client in all matters. Following termination of each matter, any nonpublic information retained by the Firm will be kept confidential in accordance with the applicable rules of professional conduct. During the course of our representation and as part of the file closing process, the Firm will keep relevant information in the file. The contents of the closed file will be retained by the Firm and stored for a reasonable period of time. Upon request, you may obtain at no cost a copy of any such materials which have not been previously provided to you. In addition, please let us know if you would like us to return any original papers or other property which you have provided to us. In the absence of contrary instructions, the Firm will dispose of your file as noted below.. The



**Brett Ramsaur**

949.200.9114

brett@ramsaurlaw.com

period for which particular client files will be retained may vary depending on the nature of the matter and the engagement. Following the prescribed retention period, those files may be destroyed or otherwise disposed of without further notice or review.

4.    Conflicts of interest: In undertaking this representation, the Firm's objective is to represent you to the best of our ability without forfeiting the representation of other existing or potential clients. One purpose of this letter, therefore, is to avoid our disqualification from representing such existing or potential clients on matters unrelated to those for which you have engaged us. Given the limited nature of our representation, please review the following conditions for your approval and consent.

The Firm has represented, and continues to represent, many different corporate and individual clients with various business interests in numerous industries. It is possible that, during the time the Firm is representing your interests in the matter for which we have been engaged, we may be asked to represent interests belonging to one of the Firm's present or future clients, that are adverse to yours. If such a conflict arises between your interests and those of another present or future client of the Firm, the Firm reserves the right to represent the interests of the other client with respect to that particular matter.

Therefore, as a specific condition to our undertaking your representation, you understand and agree that the Firm may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to the matter we are handling on your behalf, even if the interests of such other clients in those other matters are directly adverse to yours, and even if those other matters ripen into or involve litigation between such other clients and you.

The Firm agrees, however, that your prospective agreement and consent to such conflicting representation shall not apply in any instance where, as a result of our representation of you, we have obtained sensitive, proprietary or other confidential information of a nonpublic nature that, if known to such other client, could be used to the material disadvantage of your interests in the matter involved. Nor shall it apply to permit us to represent any client against you in any litigation or similar proceeding in which we represent it.

If you have any concerns regarding this conflict of interest waiver, please consult separate counsel regarding whether to grant such a waiver on the terms set forth herein. The Firm encourages you to do so before agreeing to the terms of representation.

5.    Alternative dispute resolution ("ADR"): In recent years, the law, attorneys and clients have turned increasingly to alternative methods of resolving disputes, before filing suit, or without ever filing suit. These alternatives include, among other things, private mediation, arbitration, and shorter



**Brett Ramsaur**

949.200.9114

brett@ramsaurlaw.com

versions of court proceedings, like mini-trials. The alternative methods of dispute resolution can in some cases save clients money, time, and publicity, though they have their disadvantages as well, including, for most non-judicial methods of resolution, the loss of rights of appeal. Given the popularity and importance of ADR, we want you to know that we are available to discuss ADR options with it.

    6.   <u>Attorneys' fees and costs in action on agreement</u>: The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

    We very much appreciate the opportunity to work with you.


Sincerely,

Ramsaur Law Office

*Brett Ramsaur*

Brett H. Ramsaur


    I have reviewed this letter and I agree to the terms and conditions of representation and the billing arrangements.


_____
Zeta Graff

INVOICES
#1313, #1333,  #1346, AND #1363

# EXHIBIT 2

**Ramsaur Law Office**
2183 Fairview Road, Suite 221
Costa Mesa, CA  92627
949.200.9114
brett@ramsaurlaw.com



# Invoice

**BILL TO**
Zeta Graff

**INVOICE #** 1313
**DATE** 05/31/2018
**DUE DATE** 05/31/2018
**TERMS** Due on receipt

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| 05/16/2018 | **Legal Service** Blyumkin: Research re removal of improperly filed abstract of judgment and stay of collection of cost judgment. | 2.30 | 250.00 | 575.00 |
| 05/16/2018 | **Legal Service** Blyumkin: Draft/revise declaration of B. Ramsaur in support of ex parte application to extinguish judgment liens. | 0.40 | 250.00 | 100.00 |
| 05/16/2018 | **Legal Service** Blyumkin: Draft/revise ex parte application to extinguish liens and accompanying pleadings. | 4.70 | 250.00 | 1,175.00 |
| 05/16/2018 | **Legal Service** Blyumkin: Draft/revise declaration of Z. Graff in support of the ex parte application to extinguish the judgment liens. | 0.80 | 250.00 | 200.00 |
| 05/17/2018 | **Legal Service** Blyumkin: Appear at hearing on ex parte application to extinguish judgment liens and phone call with Z. Graff re same. | 7.30 | 250.00 | 1,825.00 |
| 05/22/2018 | **Legal Service** Blyumkin: Prepare for hearing on ex parte application to extinguish liens and motion to tax costs. | 1.80 | 250.00 | 450.00 |
| 05/23/2018 | **Legal Service** Blyumkin: Appear for/attend hearing on motion to extinguish judgment liens and motion to tax costs. | 5.20 | 250.00 | 1,300.00 |
| 05/24/2018 | **Legal Service** | 0.70 | 250.00 | 175.00 |

EXHIBIT 2

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| | Blyumkin: Phone call with Z. Graff re outcome of hearing and next steps in the litigation. | | | |
| 05/30/2018 | **Legal Service**<br>Blyumkin: Email with Z. Graff re settlement offer. | 0.10 | 250.00 | 25.00 |
| 05/30/2018 | **Legal Service**<br>Blyumkin: Email with Z. Graff re counteroffer from opposing parties. | 0.10 | 250.00 | 25.00 |
| | | | | Subtotal: 5,850.00 |
| 05/17/2018 | **Reimbursable Expense**<br>Blyumkin: Court fee for filing ex parte application to extinguish judgment liens. | | 60.00 | 60.00 |
| | | | | Subtotal: 60.00 |

BALANCE DUE                     **$5,910.00**

**EXHIBIT 2**

**Ramsaur Law Office**
2183 Fairview Road, Suite 221
Costa Mesa, CA  92627
949.200.9114
brett@ramsaurlaw.com



# Invoice

**BILL TO**
Zeta Graff

**INVOICE #** 1333
**DATE** 06/30/2018
**DUE DATE** 06/30/2018
**TERMS** Due on receipt

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| 06/01/2018 | **Legal Service** Blyumkin: Email with Z. Graff re possible options for resolution. | 0.10 | 295.00 | 29.50 |
| 06/12/2018 | **Legal Service** Blyumkin: Review/analyze court's minute order, notice of continued examination and email with Z. Graff re same. | 0.40 | 295.00 | 118.00 |
| 06/14/2018 | **Legal Service** Blyumkin: Emails with opposing counsel and Z. Graff re oppositions to motion to extinguish the judgment liens. | 0.30 | 295.00 | 88.50 |
| 06/14/2018 | **Legal Service** Blyumkin: Phone call with D. Hayek re possible settlement and briefing on motion to extinguish judgment liens.  Email with Z. Graff re same. | 0.50 | 295.00 | 147.50 |
| 06/14/2018 | **Legal Service** Blyumkin: Draft reply in support of application to extinguish judgment liens. | 1.70 | 295.00 | 501.50 |
| 06/15/2018 | **Legal Service** Blyumkin: Draft/revise reply brief. | 2.20 | 295.00 | 649.00 |
| 06/16/2018 | **Legal Service** Blyumkin: Email with Z. Graff re settlement proposal and no further opposition to the motions. | 0.10 | 295.00 | 29.50 |
| 06/19/2018 | **Legal Service** Blyumkin: Email with Z. Graff re settlement and upcoming hearings. | 0.10 | 295.00 | 29.50 |
| 06/21/2018 | **Legal Service** | 0.30 | 295.00 | 88.50 |

EXHIBIT 2

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|---|---|---|---|---|
| | Blyumkin: Email and phone call with D. Hayek re judgment debtor examination and possible settlement. | | | |
| 06/25/2018 | **Legal Service**<br>Blyumkin: Prepare for and appear at continued hearing on motion to extinguish judgment liens, motion to tax costs and judgment debtor examination.  Email with Z. Graff re same. | 5.40 | 295.00 | 1,593.00 |
| 06/27/2018 | **Legal Service**<br>Blyumkin: Email with Z. Graff re status of the motions. | 0.10 | 295.00 | 29.50 |
| 06/28/2018 | **Legal Service**<br>Blyumkin: Research Indemnity decision.  Draft/revise supplemental brief in support of ex parte application to extinguish judgment liens. | 2.90 | 295.00 | 855.50 |
| | | | Subtotal: | 4,159.50 |
| 06/24/2018 | **Reimbursable Expense**<br>Court fee for fax filing reply brief in support of ex parte application. | | 9.75 | 9.75 |
| | | | Subtotal: | 9.75 |

BALANCE DUE     **$4,169.25**

**EXHIBIT 2**

**Ramsaur Law Office**
2183 Fairview Road, Suite 221
Costa Mesa, CA  92627
949.200.9114
brett@ramsaurlaw.com



# Invoice

**BILL TO**
Zeta Graff

**INVOICE #** 1346
**DATE** 07/31/2018
**DUE DATE** 07/31/2018
**TERMS** Due on receipt

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| 07/02/2018 | **Legal Service** Blyumkin: Continue drafting/revise supplemental brief in support of ex parte application to extinguish judgment liens. | 1.50 | 295.00 | 442.50 |
| 07/02/2018 | **Legal Service** Blyumkin: Email with Z. Graff re status of supplemental brief. | 0.10 | 295.00 | 29.50 |
| 07/03/2018 | **Legal Service** Blyumkin: Email with Z. Graff re filed supplemental brief in support of ex parte application to extinguish judgment liens. | 0.10 | 295.00 | 29.50 |
| 07/13/2018 | **Legal Service** Blyumkin: Phone call with Z. Graff re next steps. | 0.80 | 295.00 | 236.00 |
| 07/16/2018 | **Legal Service** Blyumkin: Phone call with Z. Graff re settlement options and possible bankruptcy proceedings.  Email with opposing counsel re settlement proposal. | 0.40 | 295.00 | 118.00 |
| 07/18/2018 | **Legal Service** Blyumkin: Email with Z. Graff re response to settlement offer. | 0.10 | 295.00 | 29.50 |
| 07/18/2018 | **Legal Service** Blyumkin: Phone call with Z. Graff re possible options for settlement. | 0.50 | 295.00 | 147.50 |
| 07/23/2018 | **Legal Service** Blyumkin: Phone call with Z. Graff re possible options for settlement. | 0.40 | 295.00 | 118.00 |
| 07/27/2018 | **Legal Service** Blyumkin: Phone call with D. Hayek and email with Z. Graff re possible settlement. | 0.30 | 295.00 | 88.50 |
| 07/27/2018 | **Legal Service** | 0.30 | 295.00 | 88.50 |

EXHIBIT 2

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| | Blyumkin: Phone call with Z. Grafff re settlement and email re same. | | | |
| 07/30/2018 | **Legal Service** | 1 | 295.00 | 295.00 |
| | Blyumkin: Emails with Z. Graff and D. Hayek re possible settlement and review of abstract of judgment. | | | |

BALANCE DUE          **$1,622.50**

**EXHIBIT 2**

**Ramsaur Law Office**
2183 Fairview Road, Suite 221
Costa Mesa, CA  92627
949.200.9114
brett@ramsaurlaw.com



# Invoice

| BILL TO | INVOICE # | 1363 |
|---|---|---|
| Zeta Graff | DATE | 08/31/2018 |
| | DUE DATE | 08/31/2018 |
| | TERMS | Due on receipt |

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|---|---|---|---|---|
| 08/01/2018 | **Legal Service** Blyumkin: Phone call and email with Z. Graff and D. Hayek re options for resolution. | 0.50 | 295.00 | 147.50 |
| 08/15/2018 | **Legal Service** Blyumkin: Email with D. Hayek and Z. Graff re follow up to settlement. | 0.10 | 295.00 | 29.50 |
| 08/17/2018 | **Legal Service** Blyumkin: Phone call with D. Hayek re possible options for settlement and email with Z. Graff re same. | 0.50 | 295.00 | 147.50 |
| 08/17/2018 | **Legal Service** Blyumkin: Phone call with Z. Graff re possible options for resolution and possible bankruptcy. | 0.30 | 295.00 | 88.50 |
| 08/21/2018 | **Legal Service** Blyumkin: Email with Z. Graff re possible options for resolving just the Newform judgment. | 0.10 | 295.00 | 29.50 |
| 08/22/2018 | **Legal Service** Blyumkin: Correspondence with Z. Graff, J. Dalmore and D. Hayek re possible individual settlement agreements. | 0.90 | 295.00 | 265.50 |
| 08/23/2018 | **Legal Service** Blyumkin: Emails with J. Dalmore, D. Hayek and Z. Graff re possible options for piecemeal settlement. | 0.30 | 295.00 | 88.50 |
| 08/29/2018 | **Legal Service** Blyumkin: Email with Z. Graff re possible options for settling each individually. | 0.10 | 295.00 | 29.50 |

EXHIBIT 2

| DATE | DESCRIPTION | HRS | RATE | AMOUNT |
|---|---|---|---|---|
| 08/31/2018 | **Legal Service**<br>Blyumkin: Emails with J. Dalmore, D. Hayek and Z. Graff re amended settlement proposals. | 0.20 | 295.00 | 59.00 |
| | | | Subtotal: | 885.00 |
| 08/02/2018 | **Reimbursable Expense**<br>Court fee for filing supplemental brief in support of ex parte application. | | 60.00 | 60.00 |
| | | | Subtotal: | 60.00 |

BALANCE DUE                                    **$945.00**

**EXHIBIT 2**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
    2183 Fairview Road, Suite 221, Costa Mesa, CA 92627

A true and correct copy of the foregoing document entitled (*specify*): **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)**, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 12, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    US Trustee's Office:  ustpregion16.la.ecf@usdoj.gov; dare.law@usdoj.gov; ron.maroko@usdoj.gov;
    Alvin.mar@usdoj.gov
    Attorneys for Creditor Brett Ramsaur dba Ramsaur Law Office:  Brett H Ramsaur:  brett@ramsaurlaw.com;
    martha.araki@gmail.com; info@ramsaurlaw.com
    Attorneys for Debtor Zeta Graff:  Michael Jay Berger:  michael.berger@bankruptcypower.com;
    yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com

Case No. 2:19-bk-14137-NB cm/ecf parties:
    Attorneys for Creditor MTGLQ Investors, LP, Wells Fargo Bank NA as Servicer:  Todd S Garan:
    ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
    Attorneys for Creditor Investment Management Company LLC and Pensco Trust Company FBO Elizabeth S Boren
    IRA:  Allan D. Sarver:  ADS@asarverlaw.com
    Attorneys for Interested Party The Boesch Law Group:  Amy Stalling:  anashon@pboesch.com; roliver@pboesch.com

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 2, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 12, 2019 | Martha E. Araki | */s/ Martha E. Araki* |
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.